# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:**<br><br>**LAUREN DAWN RIVERA,**<br><br>Debtor. | **Bankruptcy Case<br>No. 21-40002-JMM** |

## MEMORANDUM OF DECISION

**Appearances:**

    Kameron M. Youngblood, Idaho Falls, Idaho, former attorney for debtor.

    Andrew S. Jorgensen and Jason R. Naess, Boise, Idaho, attorney for the United States Trustee.

    Heidi Buck Morrison, Pocatello, Idaho, attorney for trustees Gary Rainsdon and Sam Hopkins.

    Debtor Lauren Dawn Rivera ("Debtor") filed a chapter 7[1] bankruptcy petition on January 3, 2021. Doc. No. 1.[2] In doing so, she was represented by attorney Kameron M.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[2] The docket in this case was not made a part of the Court's record. Nevertheless, the Court may take judicial notice of its own docket and will do so in this case. *In re Parkinson Seed Farm, Inc.*, ___ B.R. ___, No. AP 20-08039-JMM, 2022 WL 532731, at *1 (Bankr. D. Idaho Feb. 18, 2022) (citing *Hillen v. Specialized Loan Servicing, LLC (In re Leatham)*, 2017 WL 3704512, *2 (Bankr. D. Idaho Aug. 24, 2017)) ("Pursuant to Federal Rule of Evidence 201, this Court, on its own, can take judicial notice of information that is generally known within its jurisdiction or can accurately be determined from sources whose accuracy cannot be reasonably be questioned. That includes taking notice of its own docket in the underlying case.")

MEMORANDUM OF DECISION — 1

Youngblood ("Youngblood"). Upon finding a number of concerning issues with how Youngblood was handling his cases, the United States Trustee ("UST") filed a motion for sanctions in this and over 50 other cases, of which 44 were assigned to this Court. Doc. No. 21. The Court conducted a hearing on the motions on November 18, 2021, after which it permitted supplemental briefing. Following the briefing, the motions were deemed under advisement.

After considering the record, submissions, and arguments of the parties, as well as applicable law, this decision resolves the motion. Fed. R. Bankr. P. 7052; 9014.

## *Analysis and Decision*

In the motion in this case, the UST alleges one specific area of sanctionable conduct regarding Youngblood's representation of this Debtor: that he violated the wet-ink signature requirements imposed by the Bankruptcy Code, Rules, as well as this Court. Additionally, with regard to the sanctions motions filed in each of the separate cases, when considered as a whole, the UST alleges a pattern and practice of violations under § 526. As a result, the UST seeks the following monetary and non-monetary remedies:

1. Cancelling or voiding any contract or agreement between the Debtor and Youngblood under § 329;

2. Disgorging the fees Debtor paid to Youngblood under § 329;

3. Injunctive relief under § 526(c)(5) and the Court's inherent powers, specifically:
    a. Suspending Youngblood's practice in front of the Court until the Court is satisfied the concerns identified have been corrected;
    b. If Youngblood is allowed to practice in front of the Court again, requiring him to file a "status report" signed by the client and Youngblood in each case where he appears as counsel, attesting that:
        i. Youngblood personally met and reviewed the Petition, Schedules, Statement of Financial Affairs, and other documents with the client

MEMORANDUM OF DECISION — 2

       prior to filing;
   ii. The client's questions have been answered regarding the Petition, Schedules, Statement of Financial Affairs, and other documents, and the information included therein, and the client is satisfied he or she is receiving adequate representation from Youngblood; and
  iii. The client provided Youngblood a copy of the wet signatures for the Petition, Schedules, SOFA, and other documents filed in the case. The requirement to file such a report should continue until the Court is satisfied it is no longer necessary.

4. Imposing a civil penalty under § 526(c)(5)(B) against Youngblood to deter him from making untrue and misleading statements and misrepresentations in the future, as a result of his intentional violations, and pattern and practice of violating, §§ 526(a)(1), (a)(2), and (a)(3).

Doc. No. 21. The Court will discuss each of the allegations and sanctions sought.

### *Applicable Law, Analysis, and Disposition*

1. "Wet-Ink" Signature Violations

    Local Bankruptcy Rule 5003.1 governs electronic case filings. According to this local rule, all documents to be filed in a bankruptcy case are to be filed electronically. LBR 5003.1(c). Original documents are to be retained by the filing party "for a period of not less than the maximum allowed time to complete any appellate process, or the time the case of which the document is a part, is closed, whichever is later." LBR 5003.1(e). The local rule also provides that the electronically filed document "shall be produced upon an order of the court." *Id.* Subsection (j) of the local rule addresses signatures. It provides "[t]he electronic filing of any document by a Registered Participant shall constitute the signature of that person for all purposes provided in the Federal Rules of Bankruptcy Procedure. For instructions regarding electronic signatures, refer to the ECF Procedures." LBR 5003.l(j). In turn, the "ECF Procedures" referred to are located on

MEMORANDUM OF DECISION — 3

this Court's website. *See* LBR 5003.1(b). Paragraph 13A of the ECF Procedures document provides:

> A Registered Participant filing a Verified Pleading [a pleading in which a person verifies, certifies, affirms or swears under oath or penalty of perjury concerning the truth of matters set forth in that pleading or document] electronically shall insure the electronic version conforms to the original, signed pleading/document. Each signature on the original, signed pleading/document shall be indicated on the electronically filed Verified Pleading with the typed name on the signature line of the person purported to have signed the pleading/document. *The electronic filing of a Verified Pleading constitutes a representation by the Registered Participant that he or she has the original, signed document in his or her possession at the time of filing.* The Registered Participant shall retain the Verified Pleading for a period of not less than the maximum allowed time to complete any appellate process, or the time the case or Adversary Proceeding of which the document is a part, is closed, whichever is later. The document shall be produced upon an order of the Court.

(emphasis added). The ECF Procedures instruct attorneys to submit a scanned pdf copy of the original signature page of the original and any amended petition, schedules, and statement of financial affairs to the clerk at the same time as the electronic version is filed. ECF Procedures, at ¶ 13B. Finally, the ECF Procedures provide that the "original of all conventionally signed documents shall be retained pursuant to Dist. Idaho Loc. Civ. R. 5.1(3) or LBR 5003.1(e)." *Id.* at ¶ 19.

In this case, the UST argues that some of the signature pages filed in this case do not pass muster. *See* Ex. 366 (signature pages belonging to the following documents: certification of notice under § 342(b), petition, declaration about schedules, statement of financial affairs, statement of intention, and verification of creditor matrix). Specifically, the UST contends that the signature pages "appear to be photographs of signature pages that were either mailed, texted, or otherwise provided to Youngblood" and therefore "it

MEMORANDUM OF DECISION — 4

does not appear Youngblood physically obtained, and is retaining, the original wet ink signatures[.]" Sanctions Motion, Doc. No. 21 at p. 13.  While the Court agrees that the pages at issue appear to be photographs or copies of signature pages, the Court cannot join the UST's leap of logic and conclude that Youngblood has never obtained and does not now retain the original wet ink signatures.  There are other plausible explanations for why poor-quality copies of wet signature pages might be filed with the Court.  The Court will not presume Youngblood engaged in sanctionable conduct when the evidence is lacking.

2.  "Pattern and Practice" of Violations

As noted above, the UST seeks injunctive relief as well as a civil penalty under both § 526 and its inherent powers.  While a pattern and practice of violating § 526 has been established by the other cases, the Court will not extend it to this case, where no specific conduct is otherwise sanctionable.  Moreover, while a bankruptcy court has the authority to regulate the practice of lawyers who appear before it using its inherent powers, *In re Hurd,* 2010 WL 3190752, at *2 (Bankr. D. Idaho Aug. 11, 2010), the Court will not do so in this case where Youngblood largely fulfilled his responsibilities.

Accordingly, no sanctions will be imposed in this case.

/////

MEMORANDUM OF DECISION — 5

*Conclusion*

Because the UST has not proven any sanctionable conduct occurred in this case, the Court will impose no sanctions on Youngblood.

A separate order will be filed.



DATED:  May 4, 2022

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION — 6